B. T. CLAYTON *v.* M. D. PIERCY *et al., Trustees*

(No. 6831)

Submitted April 28, 1931. Decided May 5, 1931.

B. T. Clayton, for appellant.
A. J. Barnhart, for appellees.

HATCHER, JUDGE:

Plaintiff, B. T. Clayton, seeks to enjoin the sale of property under a deed of trust given to secure a loan made to him by defendant, M. D. Piercy. The sale was enjoined pending the litigation. The cause was submitted on the bill, answer, special replication in writing and the exhibits filed with the pleadings. After crediting the loan with $80.00 of usury, the circuit court held with defendants and dissolved the temporary injunction.

The material allegations of the bill are that the plaintiff borrowed $1,000 from Piercy on October 1, 1927, and as security executed a deed of trust on certain real estate; that the loan was to run for a period of five years and bear interest at the rate of 10% per annum, payable semi-annually; that plaintiff paid $50.00 as interest on the loan on April 1st and October 1, 1928, and April 1st and October 1, 1929; that on April 1, 1930, he tendered a check of $30.00 for the semi-annual interest (at 6%) which was refused by Piercy; and that defendant Martin, who is the trustee in the deed

of trust, acting under orders from Piercy, then proceeded to advertise the real estate for sale. The bill prays that the transaction be purged of usury and that the sale of the real estate be 'enjoined. The answer admits the payment of the several sums of $50.00, semi-annually as alleged by claimant, but denies that Clayton tendered Piercy a check of $30.00 on April 1, 1930, and also denies that Piercy agreed with Clayton to make the loan for a period of five years. The answer contains a number of affirmative allegations which are collateral to the main issue. The special replication denies each of the allegations in the answer. As there is no proof of these allegations, they cannot be considered, and we see no useful purpose in recounting either them or the contents of the replication.

. It appears that the note evidencing the loan is for a period of six months. The only other evidence relating to the duration of the loan is a provision in the trust deed which is as follows:

> "It is further understood and agreed that the parties of the first part shall have the use of the One Thousand ($1,000.00) dollars for a period not to exceed five (5) years, reserving the right to pay off said note in whole or in part thereof, or any renewal or renewals thereof, on the condition that if at the close of any six months' period said parties of the first part fail or refuse to pay the interest of six per cent (6%) and a bonus of Twenty ($20.00) Dollars for each six (6) months, that then, and in that event the limit of time shall expire and the party of the second part, or the then holder of said note, or any renewal thereof however changed in form or effect, the trustee shall after being directed so to do by M. D. Piercy, or any holder of said note, advertise the said property."

We are of opinion that this provision fairly implies that the loan should extend for five years if the interest at 6% and the so-called bonus of $20.00 were paid semi-annually. The bonus is usury and the condition as to its payment is void. Each of the four semi-annual payments of $50.00 made by Clayton prior to April 1, 1930 (admitted by Piercy) in-

cluded the bonus. On April 1, 1930, Clayton was entitled to a credit on the interest of $80.00 theretofore paid as bonus. Consequently he was not in default on the interest, and the condition in the trust deed as to the interest has not been broken.

We accordingly reverse the judgment of the circuit court, and continue the injunction against the sale of the property until the five year period shall have terminated, or until Clayton shall be in default in the payment of the semi-annual interest at 6%.

*Reversed; injunction continued.*